UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| MICHAEL RAY POSEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 12-CV-215-DLB |
| | ) | |
| v. | ) | |
| | ) | |
| J. C. HOLLAND, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**** **** **** ****

Michael Ray Posey ("Posey") is an inmate confined in the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky.  Proceeding without an attorney, Posey has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1][1] and an amended petition [R. 2] challenging his federal sentences imposed in 1988.  Posey has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).  The Court evaluates Posey's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  Having reviewed the petition,

---

[1]  When Posey filed this proceeding, he named Richard Ives, then the Warden of USP-McCreary, as the Respondent.  [R. 1, p. 1]  On April 16, 2013, Posey filed a motion to amend his petition to name J.C. Holland as the Respondent, stating that Ives was no longer the Warden of USP-McCreary and that Holland should be substituted in the place of Ives.  [R. 9]  The Court will grant Posey's motion to amend his petition and will instruct the Clerk of the Court to terminate Ives as the Respondent and to substitute J.C. Holland, Warden of USP-McCreary, as the new Respondent to this proceeding.

the Court must deny it because Posey can not pursue his claims in a habeas corpus proceeding under § 2241.

## **BACKGROUND**

The Court can not obtain complete information about Posey's criminal convictions because they predated the advent of federal court system's online PACER database.[2]  Based on the allegations in Posey's § 2241 petition and the limited information available through PACER, it appears that in 1988, Posey was indicted in an Alabama federal court for nine theft and theft-related offenses on a government reservation.  *United States v. Posey*, No. 5:88-CR-00076-RBP-MHM-1 (N.D. Ala. 1988).  Posey states that Counts 1, 2, 3, 5, and 9, of the indictment charged him with theft on a government reservation in violation of 18 U.S.C. § 661, and that Counts 4, 6, 7, and 8, of the indictment charged him with breaking and entering a government reservation with intent to commit theft in violation of 18 U.S.C. § 13.

Given the fact that the Court can not electronically access the entire docket sheet in Posey's 1988 criminal proceeding, it is unclear (a) whether Posey pled guilty to these offenses or whether a jury convicted him, and (b) what exact sentence was imposed.  In one of his filings, Posey states that he "...was sentenced to 10 years for breaking and entering, a crime punishable under 18 USC 661, a class(a) misdemeanor...."  [R. 1, p. 5, § IV (A)]  In another filing, however, Posey states that on July 6, 1988, he was sentenced to a two-year prison term on Count 1; a two-year sentence to run concurrently with the sentence on Count 7; and that as to Counts 2-6, 8, and 9, he was "...placed on probation for a period of five years to begin upon due and lawful release from custodial sentence

_____

[2]  The PACER Case Locator is a national index for U.S. district, bankruptcy, and appellate courts. *See* http://pcl.uscourts.gov/search.

imposed under counts 1 and 7." [R. 2, p. 2]  In his § 2241 petition, Posey stated that he neither

appealed his sentence [R. 1, p. 2, ¶ I(A)], nor filed a motion under 28 U.S.C. § 2255 challenging his

conviction and/or sentence. [*Id*., p. 3, ¶ III(A)]

Posey states that after being sentenced in federal court, he was returned to the custody of the

the State of Alabama to complete his state sentence; that in February 1992, the Alabama Department

of Corrections ("DOC") released him from state custody and returned him to federal custody to

begin serving his federal sentence; and that while serving his federal sentence, he escaped from the

Federal Prison Camp in Talledega, Alabama. *Id.*  Posey states that he was apprehended and charged

with one count of Escape from a Federal Prison. *See United States v. Posey*, No. 1:92-CR-00143-

RBP-1 (N.D. Ala. 1992).  Court filings in that case between 1992 and March 1996 are not available

through PACER, but Posey states that on July 27, 1992, he was sentenced to a 30-month prison term

on the escape charge, followed by a one-year term of supervised release; that after sentencing, he

was returned to federal prison; and that in May 1996, he was released from federal prison and began

serving his probation and supervised release term imposed in his 1988 case. [R. 2, p. 3]

Posey states that in December 1996, he was arrested on new state charges, and that as a

result, federal authorities placed a detainer on him for violating the terms of his probation and

supervised release. [*Id.*]  On January 31, 1997, Posey appeared at a revocation hearing, at which

Judge Sharon L. Blackburn (1) sentenced Posey to a 24-month prison term for violating his

probation and supervised release; (2) revoked the probation and supervised release terms originally

imposed in 88-CR-00076-RBP and committed Posey to the Bureau of Prisons' ("BOP") custody to

serve the full 10-year sentence imposed in 88-CR-00076-RBP; and (3) ordered the 10-year sentence

from 1988 and the newly imposed 24-month sentence to run consecutively. *See United States v.*

*Posey*, 92-CR-00143-RBP-1 [R. 16, therein]  It does not appear from the docket sheet of that proceeding that Posey either appealed that conviction and/or sentence, or that he filed a motion under 28 U.S.C. § 2255 to alter, amend, or set aside the sentence imposed on January 31, 1997.

Posey states that after he was sentenced in 92-CR-00143-RBP-1, he was returned to the State of Alabama to complete service of his state sentence, and that in September 2009, the Alabama DOC released him from its custody to begin serving his two federal sentences.  Posey's projected BOP release date is September 2, 2017.[3]

On October 11, 2012, shortly before filing his § 2241 habeas petition, Posey filed a Federal Criminal Rule of Criminal Procedure 35(a) motion in his 1988 criminal proceeding, seeking relief from his sentence.  *United States v. Posey*, No. 5:88-CR-00076-RBP-MHM-1 (N.D. Ala. 1988) [R. 17, therein]  Posey alleged that his 1988 conviction was illegal because as to some counts, he was charged with violating the wrong federal statute; that because he was convicted under the wrong statute, his sentence should be corrected; and finally, that as to other counts of the indictment, his sentence exceeded the statutory maximum.

Specifically, Posey alleged that based on the case of *United States v. Lavender*, 602 F.2d 641 (4th Cir. 1979), he should have been charged under 18 U.S.C. § 661 as to Counts 4, 6, and 8 of the indictment, instead of 18 U.S.C. § 13, which he identified as the Assimilative Crimes Act ("ACA"). [*Id*., p. 5]  Posey alleged that based on *Lavender*, the ACA would not have applied to Counts 4, 6, and 8 of the indictment because Congress had enacted § 661 to govern "theft of personal property related crimes."  [*Id*.]  Posey further asserted that the sentences imposed as to Counts 2-6, 8, and 9,

_____

[3]  *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needing MoreList=false&IDType=IRN&IDNumber=16581-001&x=101&y=33 (last visited on May 30, 2013).

of the indictment were also illegal because they pertained to loss of personal property valued at less than $1,000.00, and that under § 661, he could not have been imprisoned for more than one year if convicted of taking property valued at less than $1,000.00. [*Id.*, pp. 5-6]

On January 25, 2013, Posey filed another motion to compel the sentencing court to act on his prior motion and to appoint counsel for him, stating that his sentence "...exceeded the maximum allowed by law...." [*Id.*, R. 18, therein] Both of Posey's motions seeking post-judgment relief from his sentence remain pending in the sentencing court.

On October 29, 2012, Posey filed this § 2241 petition, challenging both his underlying conviction and the sentences imposed in his 1988 criminal proceeding. [R. 1; R. 2] Just as he argued in his recent Rule 35(a) motion, Posey again asserts that under *Lavender*, he should have been prosecuted under 18 U.S.C. § 661 instead of under 18 U.S.C. § 13 as to Counts 4, 6, and 8 of the 1988 indictment. [R. 2, p. 4] This allegation is essentially a claim alleging the denial of due process of law in violation of the Fifth Amendment of the U.S. Constitution.

Posey also challenges the sentences imposed as to Counts 2-6, 8, and 9 of the indictment, claiming that they are "illegal sentences." [R. 1, p. 9] Just as he alleged in his Rule 35(a) motion, Posey again contends that because each of those counts pertained to thefts of property valued at less than $1,000.00, he could not have been sentenced to more than one year of imprisonment on any of them. [*Id.*] Posey asserts that the sentencing court lacked jurisdiction under 18 U.S.C. § 3561(a)(3) to impose the 5-year probated sentences on these counts. Finally, Posey argues that because he received two separate sentences for the same offense, his 1988 sentences violate the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution. [R. 1, p. 5; R. 2, p. 4]

5

## DISCUSSION

Posey is not challenging any aspect of the execution of his sentences, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of Section 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991). Instead, Posey challenges the validity of both his underlying conviction and the sentences imposed, claiming that he was prosecuted under the wrong federal statute and that the sentencing court lacked authority to impose the probated sentences as to several counts of the 1988 indictment. However, § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, Nos. 4:07–CR–12, 4:10–CV–36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a prisoner may take advantage of this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his

6

conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

None of Posey's claims fall within this exception. Posey either was or should have been aware of all of the alleged constitutional deficiencies about which he complains when he was sentenced in July 1988. However, Posey neither appealed his 1988 sentences nor filed a § 2255 motion in the sentencing court challenging those sentences. Had Posey filed a § 2255 motion raising his various Fifth Amendment claims which he now asserts in this § 2241 proceeding, the sentencing court could have considered the merits of those constitutional claims. The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, No. 4:09 CV 2759, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012).

Posey bases his challenge to his conviction on Counts 4, 6, and 8, on the *Lavender* decision, but that case was decided in 1979, nine years *before* Posey was convicted in July 1988. Again, Posey could have raised a *Lavender*-based challenge to those counts of the indictment during his criminal proceeding, on direct appeal, or by way of a § 2255 motion, but he did not do so.

Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. The burden is on the petitioner to establish that the remedy under § 2255 is inadequate or ineffective. *Martin*, 319 F.3d at 804–05. Posey can not demonstrate

7

that as to his various Fifth Amendment claims, his remedy under § 2255 was an inadequate means of challenging his conviction.

Alternatively, a prisoner proceeding under § 2241 can utilize the savings clause of § 2255 if he or she alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623–24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir.1998); *Reyes–Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

The petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To make this showing, the petitioner must allege a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Posey cannot make that showing for two reasons. First, Posey does not cite to a new rule of law-- made retroactive by a Supreme Court case-- which support his claims. As noted, Posey cites *Lavender* as authority for one of his claims, but *Lavender* was decided nine years before Posey was convicted, so Posey either was or should have been aware of any benefit *Lavender* might have afforded him and asserted such a challenge based on that case while his criminal case was pending, on direct appeal, or in a § 2255 motion.

Second, to the extent that Posey challenges all or part of his 1988 *sentence*, he can not proceed under § 2241 because the savings clause of § 2255 extends only to petitioners asserting a

8

claim of actual innocence regarding their *conviction*, not their sentences.  *See Peterman*, 249 F.3d at 462; *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012); *Mackey v. Berkebile*, No. 12–CV–10–KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) ; *Thornton v. Ives*, No. 6:11–CV–035–GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051  (6th Cir. Sept. 11, 2012) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause).     For these reasons, Posey is not entitled to relief from either his 1988 conviction or  his sentence under § 2241, and his petition will be denied.  Because Posey's § 2241 petition will be denied and this proceeding will be dismissed, the Court will deny as moot Posey's motion to grant his petition and release him from custody [R. 10], and his motion seeking the appointment of counsel [R. 11].

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.     Michael Ray Posey's petition for a writ of habeas corpus [R. 1] and supplemental petition [R. 2] are **DENIED**.

2.     Posey's motion to amend his § 2241 petition [R. 9] is **GRANTED**, and the Clerk of the Court shall **TERMINATE** Richard Ives as the Respondent and shall **SUBSTITUTE** J.C. Holland, Warden of USP-McCreary, as the new Respondent to this proceeding.

3.     Posey's motion to grant his petition and release him from custody [R. 10] and his motion seeking the appointment of counsel [R. 11] are **DENIED AS MOOT**.

4.     The Court will enter an appropriate Judgment.

5.     This matter is **STRICKEN** from the active docket.

This 30th day of May, 2013.



Signed By:

*David L. Bunning*

United States District Judge

G:\DATA\Opinions\London\6-12-215 MOO denying habeas petition.wpd